UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-05359-CTS Date: September 17, 2026

Title: Zahara Muhammed Nakiyaga v. Fereti Semaia, et al.

Present: The Honorable CHRISTINA T. SHAY, United States Magistrate Judge

| Marina Moreno-Carrillo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** **Order Denying Petitioner's Ex Parte Application for a Temporary Restraining Order (ECF No. 6)**

On September 15, 2026, Petitioner Zahara Muhammed Nakiyaga ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 1.) Petitioner also filed an Ex Parte Application for Temporary Restraining Order ("TRO Application"). (ECF No. 6.)

The same day, the Clerk issued a Notice of General Order No. 26-05, which sets the governing briefing schedule in this case. (ECF No. 5.) The briefing schedule requires Respondents to file an answer to the Petition no later than seven days from issuance of the notice. (*Id.*) General Order No. 26-05 explicitly states that this "standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order. Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." (ECF No. 5 at 5.) Petitioner has not shown that she faces such "imminent, irreparable harm" that an even more expedited schedule is called for than that set in this case. Accordingly, Petitioner's TRO Application is DENIED without prejudice.

However, Petitioner shall not be removed from the Central District of California pending further order of the Court. Respondents are cautioned that sanctions may be imposed if Respondents take any action impairing Petitioner's ability to obtain complete relief.

It is so ordered.