**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZAHARA MUHAMMED NAKIYAGA,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | **CASE NO.** 5:26-CV-05359-CTS<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

On September 15, 2026, Petitioner Zahara Muhammed Nakiyaga ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that she is being held in violation of the Constitution and laws of the United States. (*See generally* Pet.) Petitioner filed with her Petition an *Ex Parte* Application for Temporary Restraining Order (ECF No. 6), which the Court denied without prejudice on September 17, 2026 (ECF No. 7).

On September 22, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 9.) The Answer is supported by the declaration of Lourdes Palacios, a

Deportation Officer with DHS ("Palacios Declaration"). (ECF No. 9-2.) On September 25, 2026, Petitioner filed her Traverse and Reply ("Traverse"). (Trav., ECF No. 12.) The same day, Respondents filed a Notice of Intended Removal, informing the Court that Petitioner was scheduled for transfer outside the Central District on October 3, 2026, to effectuate her removal from the United States. (ECF No. 11.)

On October 2, 2026, the Court ordered Respondents to file, no later than October 6, 2026, either confirmation that Petitioner has been removed to Uganda as anticipated or a brief of no more than three pages addressing the question of whether Petitioner's detention could be continued past the end of the removal period under 8 U.S.C. § 1231(a)(6), together with a copy of the warrant of removal for Petitioner. (ECF No. 13.) On October 6, 2026, Respondents instead filed a status report, which stated that travel plans had been finalized for Petitioner to be removed to Uganda via commercial air on October 8, 2026. (ECF No. 14.) On October 13, 2026, Respondents filed a Notice of Removal and Suggestion of Mootness, confirming that Petitioner was removed from the United States as scheduled on October 8, 2026, and requesting that the Petition be dismissed as moot. (ECF No. 15.) For the reasons set forth below, the Court dismisses the Petition without prejudice as moot.

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "Mootness is jurisdictional." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (citing *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000)). If an event occurs while a case is pending that makes it impossible for the court to grant "any effectual relief whatever" in favor of the prevailing party, the case must be dismissed as moot. *See Calderon v. Moore*, 518 U.S. 149, 151 (1996) (*per curiam*) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "This means that, throughout the litigation, the plaintiff 'must have

suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Here, the Petition explicitly states that it challenges only "the legality of Petitioner's present physical custody." (Pet. ¶ 8.) The Petition does not allege any collateral consequences that could be addressed by the Court now that she is no longer in custody. As Petitioner has been removed, there is no further relief this Court can provide. *See, e.g.*, *Rodriguez Marmol v. Dep't of Homeland Sec.*, No. 5:25-CV-2236-DSF-RAO, 2025 WL 3192100, at *1 (C.D. Cal. Nov. 14, 2025) (dismissing as moot habeas petition seeking "release from immigration detention" after petitioner was removed to Mexico, "[b]ecause there is no further relief that this Court can provide"); *Ortega v. Andrews*, No. 1:25-CV-00730-HBK (HC), 2025 WL 3110992, at *2 (E.D. Cal. Nov. 6, 2025) (recommending that habeas petition seeking "a bond hearing and/or release from immigration detention" be dismissed as moot after petitioner was removed to Mexico, as no collateral consequences had been alleged that could "be remedied by a successful ruling on the Petition"), *report and recommendation adopted*, 2025 WL 3281832 (E.D. Cal. Nov. 25, 2025); *Van Minh v. Dep't of Homeland Sec.*, No. 5:25-CV-02245-HDV-JDE, 2025 WL 3079046, at *2 (C.D. Cal. Nov. 3, 2025) (dismissing as moot habeas petition seeking release from "indefinite detention" by immigration officials after petitioner was removed from the United States). Petitioner seeks relief for an injury that "cannot be 'redressed by a favorable . . . decision' of the court issuing a writ of habeas corpus." *See Burnett*, 432 F.3d at 1001 (quoting *Spencer*, 523 U.S. at 7).

///

IT THEREFORE IS ORDERED that the Petition is hereby DISMISSED without prejudice as moot.

DATED: October 15, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE